# U. S. DISTRICT COURT.

## In the matter of THOMPSON GREENFIELD, a bankrupt.

A copartnership consisting of three parties doing business at New Orleans had expired by limitation in 1862. One of the parties became a resident of the city of New York, and in 1867, filed his petition to be declared a bankrupt in the district court for the southern district of New York. He was so declared a bankrupt and an assignee was duly appointed. In 1868, the other two parties filed their petition in bankruptcy in the district court for the district of Louisiana, praying that the firm be declared bankrupts. They were so declared bankrups, and an assignee was duly appointed. It appeared that there were partnership debts still existing and a considerable amount of real estate belonging to the copartnership situate in several different states:

*Held*, That the proceedings in the bankruptcy court of Louisiana are void for want of jurisdiction. That it is the duty of the assignee in New York to proceed in this court by petition supplementary, and have the New Orleans copartners adjudged bankrupts.

*Held*, That neither the proceedings in this court nor those in the district court for Louisiana as they now stand, are of any avail to convey the interest of the members of the firm to the lands in question to any assignee in bankruptcy in either court.

*Southern District of New York, in Bankruptcy.*

At chambers, 4 Warren street, in the city of New York, in said district, on the 28th day of February, 1872.

I, the undersigned, register in charge of the above entitled matter, and to whom it was referred by a special order of this court, founded upon the petition of Albert Smith, Esq., the assignee therein, to take proofs of the matters alleged in said petition, and report the same with his conclusion thereon, and further to report whether the proceedings in bankruptcy either in this court, or in the district court for Louisiana, are of any avail to convey the interest of the members of the firm of Fellows & Co., in the land in question, to any assignee in bankrupcy appointed in either court, and as to what is the situation and value of such land, and as to

whether this court has not the first jurisdiction as to such lands, and as to what ought to be done to assert such jurisdiction and make it operative if the lands are valuable.:

Do hereby certify, that I have been attended by the said assignee, and that I have taken proofs touching the matter so reported to me, which said proofs are hereto annexed.

That I find the facts as follows: The bankrupt, Thompson Greenfield then residing in the city of New York, filed his petition in this court to be declared a bankrupt on the 24th day of August, 1867. That such proceedings were had in this court, that he was on the          day of          , 1867, duly declared a bankrupt, and that Albert Smith, Esq., was afterward duly elected assignee of said bankrupt's estate. That said assignee proceeded to administer upon said estate and that the said Greenfield has been duly discharged in bankruptcy in this court. That prior to September, 1862, said bankrupt had been a partner of the firm of Fellows & Co., residing and carrying on business in New Orleans in the state of Louisiana, which firm consisted of Cornelius Fellows, Daniel P. Logan, and the bankrupt, and had expired by limitation in September aforesaid.

The aforesaid partners, Fellows & Logan, residing in that city, filed their petition in the bankruptcy court, for the district of Louisiana, on the 30th day of February, 1868, praying that all the members of said firm, to wit, said Fellows, Logan and Greenfield. be declared bankrupts, and such proceedings were thereupon had in said court, that an assignee of the partnership property was duly elected who took possession of the property of said firm and under an order of said court, sold a piece of real estate situate in the state of Texas, to one William Brennen, and afterwards conveyed the same to him in due form of law. The said Brennen not being satisfied with his title, now asks the referee appointed in the proceedings in this court, to join in the said conveyance.

And I certify and report, that I am of opinion, that the proceedings in the bankruptcy court in Louisiana, are void

for want of jurisdiction, and that it is the duty of the assignee appointed by this court to proceed by petition, alleging as an act of bankruptcy the filing of the petition in the district of Louisiana atoresaid, and obtain from this court an order to show cause why the said Cornelius Fellows and Daniel P. Logan, should not be declared bankrupts, which order should be served on the said Cornelius Fellows and Daniel P Logan, by publication, and by mail. On the return of said order, this court will listen to any evidence, and to any arguments upon the facts and law, and will then dismiss the petition or adjudge them bankrupts, and if they shall be declared bankrupts the assignee should proceed to take and obtain possession of all of the partnership property of the said firm, and administer upon the same in this court in due form of law.

The grounds upon which the foregoing opinion is based is as follows:

It is true, that the 36th section speaks of partnerships in the present tense, and literally refers to partnerships existing at the time of the filing of the petition. But such literal construction would take any case out of the purview of the section if there had been a dissolution an hour before the petition was filed—clearly such could not have been the intent of the act. It is very clear, that from the stand point at which the act contemplates a partnership, all the partnerships must be regarded as existing partnerships where there are joint assets and joint liabilities, any other construction would tend to inextricable confusion.

It would be a mockery of justice if an individual, who, with others, owned partnership property and owed partnership debts, could proceed in a bankruptcy court for the purpose of being discharged of either his individual or his partnership debts, without bringing into court, with himself, all of his copartners.

In no other way could the court get jurisdiction of the partnership property so as to administer upon it. If the

partnership property was not so brought into court the individual creditors might well object that it did not appear, that all the property rights and interests of their debtors, the bankrupts, were administered upon by this court and divided among them—that it did not appear and could not be made to appear—unless the other partners were brought in, that upon a full administration of all the property and interests of the bankrupt, there was not property out of which there claims could be paid in full or in part; for if the partnership property would more than pay the partnership debts, such excess would go to the individual creditors.

Again, if the bankrupt desire to be discharged from his personal liability for the partnership debts, clearly he must have the partnership property administered upon in bankruptcy, which cannot be done without bringing in the other partners.

If, indeed, the other partners are solvent and have committed no act of bankruptcy, it is clear that they cannot be brought in, for they cannot be adjudged bankrupts. But the very fact that they are solvent and cannot be brought in is a full reason why they need not be brought in, for in such case the partnership creditors are at no hazard of losing their claims and cannot be heard to complain. The assignee in that case becomes a tenant in common of the solvent partners, and after the partnership creditors are paid from the partnership property or their claims are otherwise disposed of, the assignee of the bankrupt partner, may have an accounting with the other members of the copartnership, and obtain from them and bring into the bankruptcy court for distribution among the individual creditors, whatever interest the bankrupt may have remaining in the copartnership property.

. At the time Greenfield filed his petition in this court he resided in this district, the other parties resided in another district. Each partner had an equal right to proceed in bankruptcy in the district where he resided. The court of the district in which a petition was first filed would acquire

jurisdiction of the whole case, and could not be ousted of jurisdiction of the case or a part of it by the subsequent filing of a petition in the court of another district. It will be observed that Greenfield does not ask in his petition that his partners be adjudged bankrupts, but the creditors by their assignee may ask it, and would have a right to such an adjudication. The court here therefore could not be ousted, or in any wise affected in its jurisdiction over the whole case by any such omission on the part of the bankrupt.

The act is clear "if such copartners reside in different districts that court in which the petition is first filed shall retain *exclusive jurisdiction* over the case" (§ 36). If the petition was first filed in this court, and this court thereby acquired exclusive jurisdiction, it is certain that the court in the District of Louisiana obtained no jurisdiction, and that all the proceedings there upon the petition of the other partners are utterly void.

The adjudicated cases so far as they bear upon the point now under consideration clearly look to the conclusion above expressed.

In *Re Gureer Flour Co.* (1 *Pla. e. L. R.*, 45), the recusant partners were brought in and adjudged bankrupts on the motion of the assignee. The same is true in the case of *Grady* (3 *R. R.*, 54). Should the court approve of the views above expressed the assignee will without delay take the proceedings here recommended.

And I further certify that in my opinion as the case now stands, and without recourse to the proceedings above recommended, neither the proceedings in this court nor the proceedings in the bankruptcy court for the District of Louisiana are of any avail to convey the interest of the members of the firm of Fellows & Co. in the lands in question to any assignee in bankruptcy in either court.

And I further certify that the lands in said petition referred to, judging from the account and description thereof, and from the anxiety to obtain the same manifested by said

In the matter of Greenfield.

Brennen and his counsel, at New Orleans, are of very considerable value, but what precise value I am unable to ascertain.

That the value of the real estate of said copartnership set down in the said schedules of the said bankrupt, amounts in all to the sum of $155,683, being 15 different parcels of land, situate in the states of Texas and Louisiana, but a small part of which was so sold to said Brennen, as aforesaid, and still remain unsold, so far as my knowledge or information concerning the same extends.

And I further certify that though the subjoined evidence is not of a positive character, or in all respects admissable upon the trial of an issue, yet it is the best that the assignee could obtain without incurring considerable expense, and having no funds in his hands he did not feel it his duty to make advances for that purpose.

But I submit that it is sufficient to justify the action herein recommended in case the court should think the views herein expressed are tenable. Respectfully submitted,

I. T. WILLIAMS, *Register.*

BLATCHFORD, *J.*—I concur in the conclusions of the register, that the proceedings in the bankruptcy court in Louisiana, are void for want of jurisdiction; that it is the duty of the assignee appointed by this court to proceed to have Fellows and Logan adjudged bankrupts in this court, and that neither the proceedings in this court nor those in the district court for Louisiana as they now stand, are of avail to convey the interest of the members of the firm of Fellows & Co., in the lands in question, to any assignee in bankruptcy in either court. The proceedings above referred to, to be taken by the assignee, in this court, must be proceedings by way of supplement in the proceedings pending in this court.

The clerk will certify this decision to the register, Isaiah T. Williams, Esq., March 2, 1872.